# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GHI, INC., a Delaware Corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs.  ) | Case No. _____ |
| ) | |
| JOHN M. O'CONNOR, an Individual, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, GHI, Inc., a Delaware corporation ("GHI"), for its Complaint against Defendant, John M. O'Connor ("O'Connor"), alleges and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. GHI is a Delaware corporation with its principal place of business in Oklahoma City, Oklahoma.

2. O'Connor is a United States citizen who, upon information and belief, resides part of the year in Cabo San Lucas, Mexico and Incline Village, Nevada.

3. The amount in controversy exceeds $75,000, exclusive of costs and interest.

4. This Court has jurisdiction over the parties and subject matter of this action pursuant to 28 U.S.C. §1332(a).

5. Venue is proper in the Western District of Oklahoma pursuant to 28 U.S.C. §1391(a).

1

**COMMON FACTUAL ALLEGATIONS**

6.      Querencia Golf and Country Club ("Querencia") is a private community occupying approximately 840 acres of land near San Jose delCabo, Mexico. Querencia is owned by Querencia Properties, S. de R.L. de C.V. ("Querencia Properties"), a variable capital limited liability partnership organized under the laws of Mexico.

7.      GHI is the sole lender to Querencia Properties and holds a first mortgage on Querencia. GHI provides financing for construction and operation of Querencia and has been authorized to take over the operations and sale of Querencia as a lender in possession.

8.      O'Connor is one of approximately 138 members of Querencia. Querencia's members, including O'Connor, do not own stock or any other type of equity in Querencia, but merely hold licenses to use Querencia's facilities in accordance with its by-laws.

9.      On April 30, 2004, GHI, Querencia Properties and New Querencia Capital Partners, L.L.C. ("New Querencia"), a Texas Limited Liability Company, entered into a purchase agreement whereby New Querencia would purchase Querencia ("Purchase Agreement"). New Querencia is an acceptable buyer to GHI (and Querencia Properties) for multiple significant reasons, including that New Querencia is principally formed by existing members of Querencia and has contractually agreed to continue developing Querencia as a private, members only club. New Querencia was formed to purchase Querencia. At the time the Purchase Agreement was entered into, and as of the date of this filing, no other member led groups had made an offer to buy Querencia. The closing of the sale under the Purchase Agreement was to take place as early as May 27, 2004.

10. On May 24, 2004, O'Connor filed an original Petition and Verified Application for Temporary Restraining Order and Temporary and Permanent Injunctive Relief in the District Court of Travis County, State of Texas, Case No. CIV-401642 ("Texas Lawsuit"). O'Connor named New Querencia as one of several Defendants. Neither GHI nor Querencia Properties were named in that action. On May 24, 2004, O'Connor sought and obtained an *ex parte* Temporary Restraining Order prohibiting New Querencia from closing or finalizing its purchase and such Temporary Restraining Order was supported by an insufficient bond ($5,000) obtained by active misrepresentation and/or material omission of fact. The imposition of the Temporary Restraining contributed to delay the closing by prohibiting New Querencia from conducting due diligence and document preparation to close the transaction.

11. The *ex parte* Temporary Restraining Order was to remain in effect until a temporary injunction hearing, scheduled for June 3, 2004, was conducted. For the June 3, 2004, temporary injunction hearing, principals, witnesses and their attorneys traveled to Austin, Texas from Minnesota, Oklahoma City, Little Rock, Arkansas, Houston, Texas, Amarillo, Texas and Cabo San Lucas and stayed in Austin for at least two (2) days to prepare for and attend the hearing (all at substantial costs). One principal even cancelled a prepaid overseas trip to attend the hearing.

12. However, O'Connor failed to appear at the hearing and instead sent his attorney. At the June 3, 2004 hearing, O'Connor withdrew his request for a temporary injunction to enjoin the closing of the sale under the Purchase Agreement. The closing of the Purchase Agreement was then scheduled for June 15, 2004, as a result of O'Connor's withdrawal of his request for a temporary injunction to enjoin the closing. However,

O'Connor's attorney threatened to refile and seek injunctive relief on June 14, 2004, one day before the closing.

   13. On June 3, 2004, O'Connor's counsel, Travis C. Barton, notified the named defendants in the Texas Lawsuit (including New Querencia) in writing that, although O'Connor had withdrawn his request for temporary injunctive relief to enjoin the sale of Querencia, that in the event that the Querencia transaction closed, O'Connor "intended to seek an order of injunctive relief as follows:

  (a) enjoining the sale, transfer, or conveyance of legal or equitable title in Querencia proper from Defendants to any third party(ies) during the pendency of this lawsuit;

  (b) enjoining the sale, transfer, encumbrance, pledge, or conveyance of any membership interests in New Querencia Capital Partners, L.L.C.;

  (c) enjoining defendants from encumbering or otherwise granting liens or securing any indebtedness against the Querencia property during the pendency of this lawsuit;

  (d) enjoining Defendants from selling, transferring, or conveying any portion(s) of the Querencia property to any third party(ies), including but not limited to, lots in the Querencia development while the lawsuit is pending;

  (e) enjoining Defendants from selling, transferring, or otherwise conveying any golf or club membership from Querencia to any third party individuals or entities, including but not limited to, Mr. Schnitzer's Villas del Mar development; and

  (f) enjoining defendants from making any capital improvements or changes to Querencia, including but not limited to the construction of a clubhouse."

(*See* Letter to Travis Barton dated June 3, 2004, attached hereto as Exhibit "A"). However, O'Connor has no protected or endangered interest in Querencia. O'Connor's

only interest is a license to use the facility, which would not be impacted by the sale and which would be enhanced by future development which he has threatened to enjoin.

14. New Querencia was ready, willing and able to complete the Purchase Agreement, but for the wrongful actions and conduct of O'Connor. New Querencia was not willing to timely complete the purchase of Querencia under the Purchase Agreement because of the uncertainties associated with the threatened injunction, possible imposition of a constructive trust and possible interference with development plans and financing.

15. Upon information and belief, O'Connor, through a Mexican attorney, was soliciting Querencia members to join him as a plaintiff in the Texas Lawsuit in exchange for payment for testimony.

16. As a direct result of O'Connor's threat to seek injunctive relief after the closing of the Purchase Agreement, as well as O'Connor's initiation of the Texas Lawsuit, New Querencia terminated the Purchase Agreement on June 15, 2004. As a direct result of O'Connor's actions, GHI has been damaged by, among other things, loss of the sale's price and the incurrence of approximately $18,000 in operations costs per day from and after June 15, 2004.

17. Upon information and belief, O'Connor filed the Texas Lawsuit and engaged in the conduct alleged herein to prevent New Querencia's purchase so that a potential buyer, advantageous to O'Connor, can attempt to purchase Querencia and/or retaliation for personal reasons.

## COUNT I

### (**TORTIOUS INTERFERENCE WITH CONTRACTUAL AND BUSINESS RELATIONS**)

18. GHI restates each allegation in Paragraphs 1 through 17, inclusive, as if the same were pled fully below.

19. As set forth above, O'Connor has no legitimate contractual or other interest in the Querencia sale transaction, nor does he own any equity interest in Querencia. O'Connor has improperly and unlawfully caused and induced New Querencia to terminate the Purchase Agreement.

20. O'Connor acted in malicious disregard of GHI's rights under the Purchase Agreement and intentionally and tortiously interfered with GHI's contractual and business relations with Querencia Properties and New Querencia.

21. O'Connor's interference with GHI's rights under the Purchase Agreement is malicious and wrongful, and is not justified, privileged, nor excusable.

22. As a result of O'Connor's tortious interference with the Purchase Agreement, GHI has suffered damages in excess of $18 Million.

23. O'Connor's tortious and intentional interference with GHI's interest in the Purchase Agreement is wanton, willful, and outrageous, justifying the imposition of punitive and exemplary damages against O'Connor in an amount in excess of $18 Million.

## COUNT II

### (ABUSE OF PROCESS)

24. GHI restates each allegation in Paragraphs 1 through 23, inclusive, as if the same were plead fully below.

25. Upon information and belief, O'Connor filed the Texas Lawsuit to delay and/or prevent the transaction under the Purchase Agreement from being consummated, which has occurred.

26. O'Connor's filing of the Texas Lawsuit was an improper use of the Court's process primarily for an ulterior or improper purpose.

27. As a result of O'Connor's abuse of process by filing the Texas Lawsuit, GHI has suffered damages in an amount in excess of $18 Million.

28. O'Connor's abuse of process is wanton, willful, and outrageous, justifying the imposition of punitive and exemplary damages against O'Connor in excess of $18 Million.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GHI, Inc., a Delaware corporation, prays that the Court grant it the following relief:

- A. Enter judgment in favor of GHI, Inc., and against Defendant, John M. O'Connor.
- B. Award GHI, Inc., compensatory damages against Defendant, John M. O'Connor, in an amount in excess of $18 Million.
- C. Award GHI, Inc., punitive damages against Defendant, John M. O'Connor, in an amount in excess of $18 Million.
- D. Award GHI, Inc., attorney's fees and the costs of this action against Defendant, John M. O'Connor.
- E. Any other relief the Court deems just and equitable.

Respectfully Submitted,

S/ Joe M. Hampton
Joe M. Hampton, OBA No. 11851
Timothy J. Bomhoff, OBA No. 13172
Amy J. Pierce, OBA No. 17980

Of the Firm:
RYAN, WHALEY, COLDIRON & SHANDY
900 Robinson Renaissance
119 North Robinson
Oklahoma City, Oklahoma  73102
Telephone:     (405) 239-6040
Facsimile:      (405) 239-6766

ATTORNEYS FOR PLAINTIFFS