LAW OFFICES
# MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.

1300 CAPITOL CENTER
919 CONGRESS AVENUE
AUSTIN, TEXAS 78701

HOUSTON, TEXAS OFFICE
3200 ONE HOUSTON CENTER
1221 McKINNEY STREET
HOUSTON, TEXAS 77010
(713) 615-8500
FAX (713) 615-8585

AUSTIN, TEXAS OFFICE
(512) 495-6000
FAX (512) 495-6093

WRITER'S DIRECT DIAL NUMBER:
(512) 495-6041
tcbarton@mcginnislaw.com
Fax: (512) 505-6341

June 3, 2004

Eric J. Taube
Hohmann, Taube & Summers, L.L.P.
100 Congress Ave., Suite 1800
Austin, Texas 78701

*Via Telecopy*

Thomas H. Watkins
Brown McCarroll, L.L.P.
1300 San Jacinto Center
98 San Jacinto Blvd.
Austin, Texas 78701

Mike Dorman
Locke, Liddell & Sapp
3400 Chase Tower
600 Travis Street
Houston, Texas 77002-3095

William M. Parrish
Jenkens & Gilchrist
600 Congress Avenue
2200 One American Center
Austin, Texas 78701-3248

Re: *John M. O'Connor v. Signet Ramos Abodagos, et. al.*

Dear Gentlemen:

I am writing about the temporary injunction hearing originally scheduled for 2:00 p.m. on June 3, 2004. As discussed on the telephone with each of you yesterday (with the exception of Mr. Dorman), and as stated in our Notice of Withdrawal of Hearing served upon all counsel yesterday, Mr. O'Connor has elected to withdraw the pending request for a temporary injunction this afternoon that would enjoin the closing of the pending Querencia transaction by Defendants.



EXHIBIT A

June 3, 2004
Page 2

During our telephone conversations, and as noted in the Notice of Withdrawal of Hearing, we were considering a request to re-schedule the hearing on the temporary injunction that would enjoin Defendants from closing on the Querencia transaction to June 14, 2004. Please consider this letter as notice that Mr. O'Connor has elected not to seek an injunction before the June 15, 2004 closing date that enjoins Defendants from closing on the Querencia transaction.

Mr. O'Connor's decision not to seek an order enjoining Defendants from closing on the Querencia transaction is by no means any form of an admission that the TRO granted by Judge Cooper was improvidently granted. We feel strongly that the TRO was properly granted, and that Mr. O'Connor has a meritorious argument concerning the right to a temporary injunction if Mr. O'Connor elected to seek such relief.

Importantly, while Mr. O'Connor has elected to forego a temporary injunction that would enjoin the closing of the Querencia transaction, Mr. O'Connor reserves the right to seek injunctive relief following a closing of the Querencia transaction that would substantially protect Mr. O'Connor's interests in the property. Specifically, in the event that Defendants successfully close on the Querencia transaction, Mr. O'Connor intends to seek an order of injunctive relief as follows:

(a) enjoining any transfer or conveyance of legal or equitable title in Querencia property from Defendants to any third party(ies) during the pendency of this lawsuit;

(b) enjoining the sale, transfer, encumbrance, pledge, or conveyance of any membership interests in New Querencia Capital Partners, LLC;

(c) enjoining Defendants from encumbering or otherwise granting liens or securing any indebtedness against the Querencia property during the pendency of this lawsuit;

(d) enjoining Defendants from selling, transferring, or conveying any portion(s) of the Querencia property to any third party(ies), including but not limited to, lots in the Querencia development, while the lawsuit is pending;

(e) enjoining Defendants from selling, transferring, or otherwise conveying any golf or club memberships from Querencia to any third party individuals or entities, including but not limited to, Mr. Schnitzer's Villas del Mar development; and

(f) enjoining Defendants from making any capital improvements or changes to Querencia, including but not limited to the construction of a clubhouse.

Texas law supports the granting of injunctive relief in circumstance consistent with those addressed above to maintain the status quo of Querencia until such time as this lawsuit is resolved. *J.L. Reese v. Wallace Enterprises, Inc.*, 376 S.W.2d 587, 591 (Tex. Civ. App. – Tyler 1964, no writ)(enjoining sale of land to potential innocent third party until the case could be tried); *Lee v. Steele*, 1995 WL 370264 (Tex. App. – Houston [1st Dist.] 1995, no writ)(enjoining

June 3, 2004
Page 3

*party from creating liens against property before trial court could render judgment)*; Becker v. Becker, *623 S.W.2d 757, 759 (Tex. App. – Houston [1st Dist.] 1981, no writ)(affirming injunction enjoining the building of improvements on property)*; Greater Houston Bank v. Conte, *641 S.W.2d 407, 410 (Tex. App. – Houston [14th Dist.] 1982, no writ)(holding that because every piece of real estate is unique, injunction is warranted even if damages were ascertainable).*

In addition, and dependent upon the acts and/or omissions of Defendants with regard to Querencia, Mr. O'Connor reserves the right to seek injunctive relief on other grounds not specified above if Defendants successfully close on Querencia.

Please let me know if you have any questions about our position in advance of the hearing this afternoon.

Sincerely,

Travis C. Barton